**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **BARBARA JACKSON, ID # 692459,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:08-CV-0336-D-BH |
| ) | |
| **NATHANIEL QUARTERMAN, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal Justice,** ) | |
| **Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I.  BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge her Dallas County conviction for possession of heroin in Cause No. F93-04014-VT.[1]  Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On October 22, 1993, petitioner was convicted on a plea of guilty and sentenced to thirty years imprisonment for possession of heroin.  She did not challenge the conviction through the state appellate or habeas processes.

Petitioner filed this action in February 2008.  Her initial filing states that she pursued no state remedies with respect to her conviction because (1) she did not know she could and (2) there is a "'new law as of Jan. 1, 2008 to file for time cuts.' (all drug cases)".  On April 4, 2008, she filed an

---

[1] Although petitioner also has a 1991 conviction and two disciplinary violations, her petition clearly challenges her 1993 conviction only.

amended petition raising three claims: (1) her plea was made without an understanding of the nature of the charge; (2) she was coerced to answer the judge's questions in a particular way; and (3) the prosecution failed to tell her what evidence was favorable to her.

In his answer filed on February 6, 2008, respondent urges the Court to find the petition untimely.[2]  Petitioner has filed no reply brief.

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because petitioner filed the instant petition after its effective date, the Act applies to her petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known

---

[2] Alternatively, respondent urges the Court to dismiss the action for petitioner's failure to exhaust state remedies.  Notwithstanding the failure of petitioner to exhaust her state remedies, the Court may deny the instant "writ of habeas corpus . . . on the merits."  *See* 28 U.S.C. § 2254(b)(2).  The Fifth Circuit has construed the phrase "on the merits" to include limitations.  *See United States v. Clark*, 203 F.3d 358, 370 n.13 (5th Cir. 2000), *vacated on other grounds*, 532 U.S. 1005 (2001) (remanding case for further consideration in light of *Daniels v. United States*, 532 U.S. 374 (2001)) *and opinion withdrawn on other grounds*, 284 F.3d 563 (5th Cir. 2002) (affirming district court opinion after considering *Daniels*); *Scott v. Johnson*, 227 F.3d 260, 262-63 (5th Cir. 2000) (*sua sponte* converting a dismissal without prejudice for a failure to exhaust into a dismissal with prejudice for failure to timely file the § 2254 petition).  Accordingly, the Court will consider whether petitioner timely filed the instant federal petition despite the failure to exhaust her state remedies.

2

through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented her from filing her federal petition. Nor does she base her petition on any new constitutional right under subparagraph (C). In addition, she has not carried her burden to establish the applicability of subparagraph (D).[3] *See Norrid v. Quarterman*, No. 4:06-CV-403-A, 2006 WL 2970439, at *1 (N.D. Tex. Oct. 16, 2006) (recognizing that the burden lies with petitioner). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the date petitioner's conviction became final in accordance with subparagraph (A).

In this case, petitioner did not appeal her conviction. For purposes of § 2244(d), the state conviction thus becomes final thirty days after she pled guilty and was sentenced on October 22, 1993. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (noting that a conviction becomes final under Texas law thirty days after the defendant pled guilty and failed to file an appeal). Petitioner's state judgment of conviction thus became final in November 1993.

When a conviction becomes final before the April 24, 1996 enactment of the AEDPA, the petitioner has one year following the effective date of the Act in which to file a federal petition for a writ of habeas corpus. *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000). The one-year period of limitations does not apply prior to its effective date. Thus, no time may be counted against an inmate prior to April 24, 1996, the date the AEDPA was signed into law. Petitioner is entitled to the one-year grace period which would end, in the absence of tolling, on April 24, 1997.

Because petitioner filed her petition more than one year after her grace period expired in

---

[3] The factual predicates of her first two claims were certainly known before her conviction became final. Although her third claim seems to allege suppression of favorable evidence, she concedes that she knows of no favorable evidence to her case. In any event, she has made no effort to establish the applicability of subparagraph (D).

3

April 1997, a literal application of § 2244(d)(1) renders this action untimely.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Because petitioner has pursued no state habeas application or other collateral review with respect to her 1993 drug conviction, the statutory tolling provision does not save her 2008 federal petition. Further, nothing in the petition indicates that rare and exceptional circumstances warrant equitable tolling.[4] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling). Although she explains her failure to challenge her conviction through the state appellate and habeas processes by claiming she did not know she could do so, "ignorance of the law or of statutes of limitations is insufficient to warrant tolling." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). Furthermore, equitable tolling is not warranted based upon petitioner's reliance on an unspecified law regarding sentence reductions for drug convictions. This action should therefore be deemed untimely.

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the

---

[4] Relying on *Bowles v. Russell*, 127 S. Ct. 2360 (2007), respondent argues that equitable tolling is no longer available in federal habeas actions. (*See* Answer at 12-13.) However, the Fifth Circuit has specifically rejected such argument. *See Coker v. Quarterman*, 270 Fed. App'x 305, 308 n.1 (5th Cir. 2008) (per curiam). Furthermore, as noted in the Eastern District of Texas: "Respondent overlooks the fact that *Bowles* referred to time limits which are *jurisdictional*, such as notices of appeal, and the habeas corpus statute of limitations is not jurisdictional." *Patterson v. Director, TDCJ-CID*, No. 6:07-CV-326, 2007 WL 4368583, at *6 n.2 (E.D. Tex. Dec. 13, 2007) (adopting recommendation of Mag. J.). In the absence of a specific pronouncement by the Fifth Circuit or the Supreme Court, this Court continues to consider equitable tolling in federal habeas actions.

Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

    **SIGNED this 29th day of May, 2009.**

                                      IRMA CARRILLO RAMIREZ
                                      UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

    The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                      IRMA CARRILLO RAMIREZ
                                      UNITED STATES MAGISTRATE JUDGE